**Balag Abdul MAJEED, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–71640.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.\*\*

Filed Nov. 21, 2007.

Robert B. Jobe, Esq., Arwen Swink, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM \*\*\*

Balag Abdul Majeed, a native and citizen of Pakistan, petitions for review from the decision of the Board of Immigration Appeals (BIA) denying Majeed relief un-

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(4), and we deny the petition for review.

As a threshold matter, we note that Majeed did not appeal the IJ's decision to the BIA, but rather directly petitioned this court for review of the order of removal. Ordinarily, that would mean he failed to exhaust his administrative remedies and that we should dismiss his petition. *See Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir.2004). The record here, however, indicates the BIA had previously reversed the IJ's decision and remanded solely for compliance with *Molina–Camacho v. Ashcroft*, 393 F.3d 937, 941 (9th Cir.2004) (holding that only the IJ has the authority to issue an order of removal), *overruled by Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Because the remand and subsequent entry of an order of removal were ministerial, we agree with the parties that it would have been an empty gesture for Majeed to have appealed the same issue to the BIA. Accordingly, we have jurisdiction to review the BIA's decision. *See Miguel–Miguel v. Gonzales*, 500 F.3d 941, 945 (9th Cir.2007) (noting "there is no requirement that immigration petitioners exhaust an argument before the BIA more than once, particularly where as here the BIA has already rejected the argument").

We review the BIA's decision, which reviewed the record independently, for substantial evidence. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir.2005). To qualify for withholding of removal under CAT, Majeed had the burden to show that "it is more likely than not that he . . . would be tortured if removed" to Pakistan. *Id.* at 1216 (internal quotations omitted); 8 C.F.R. § 1208.16(c)(2).

Under the regulations, the BIA must consider "all evidence relevant to the possibility of future torture," including past torture, evidence that Majeed could safely relocate within Pakistan, and "gross, flagrant or mass violations of human rights" in Pakistan. 8 C.F.R. § 1208.16(c)(3).

Majeed does not argue that he was tortured in the past. The BIA noted that he lived in Lahore for two years without police questioning, and while he restricted his movements outside of his uncle's house, he did not demonstrate that he could not relocate. And although there was evidence in the record that Pakistani police engage in extrajudicial killings and torture, of both suspected criminals and members of the Muhajir Quomi Movement, the BIA concluded that Majeed did not show that it was more likely than not that he would be arrested for events at his high school in 1997 and would then be tortured following arrest. Because the evidence does not compel us to conclude that Majeed was more likely than not to suffer torture, we conclude that substantial evidence supports the BIA's denial of CAT relief.

PETITION FOR REVIEW DENIED.